UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LOURDES PASTOR,

                              Plaintiff,        **ACTION UNDER 29 U.S.C.§ 216(b)**

       -v.-

                                            **COMPLAINT**

SAGAL FISH MARKET INC.,
FERNANDO SANCHEZ and
ADALGISA HERNANDEZ, Individually,

                            Defendants
------------------------------------------------------------X

       Plaintiff LOURDES PASTOR, hereinafter referred to as the "Plaintiff," for herself and on behalf of all others similarly situated, by and through her counsel, STILLMAN LEGAL PC., brings this Action on behalf of herself and other similarly situated employees of Defendant SAGAL FISH MARKET INC., doing business as SAGAL FISH MARKET INC., hereinafter referred to as "Corporate Defendant," and Defendant FERNANDO SANCHEZ AND ADALGISA HERNANDEZ, hereinafter referred to as "Individual Defendant," in their capacity as owner and operator of SAGAL FISH MARKET INC. Both the Corporate and Individual Defendants are collectively referred to as the "Defendants." This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"). The following allegations are based upon information and belief:

## <u>NATURE OF THE ACTION</u>

       1. This Complaint aims to recover, among other things, unpaid overtime wage compensation for the Plaintiff, who was formerly employed by the Corporate Defendant,

a New York Corporation with its primary place of business at 3438 Jerome Ave, Bronx, NY 10467. The Individual Defendant, a principal of the Corporate Defendant, played a direct and significant role in the operational aspects of the business, including hiring and firing decisions, work scheduling, task assignments, and disciplinary actions. In her role as a cook with the Corporate Defendant, the Plaintiff was primarily responsible for seasoning and frying food orders. These tasks often required her to work beyond the standard 40-hour workweek, and yet the necessary overtime compensation was not provided.

2. Throughout the entire period of the Plaintiff's employment, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a flat rate of $16.84, $18.73, and $20.34 per hour. They failed to pay the Plaintiff the lawful overtime compensation of one and a half times her regular rate for the period from March 2020 until February 28, 2024, during which she consistently worked in excess of forty (40) hours per workweek.

4. The unlawful conduct of the Defendants had a detrimental impact not only on the Plaintiff but also on all other employees who were in a similar employment situation. This conduct was not an isolated incident but was part of a broader, systematic policy, implemented with willful intent, where the Defendants required the Plaintiff and other employees to work extensive hours. Despite this, the Defendants failed to provide the legally mandated overtime compensation as per federal and state law and regulations. This policy resulted in significant economic harm to the Plaintiff and others similarly situated, leading to financial strain and hardship.

5. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates, which is a clear violation of the WTPA. This failure by the Defendants was not a mere oversight, but a calculated conduct carried out in bad faith, resulting in the Plaintiff suffering an injury in fact. As she was kept uninformed about her entitled wages and overtime rates, this led to substantial financial loss, confusion, and undue stress, thereby causing her considerable hardship. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL. This failure further compounded the injury suffered by the Plaintiff, as it made it difficult for her to ascertain the exact amount of wages she was owed, thereby causing additional stress and uncertainty.

6. Accordingly, Plaintiff now brings this Action on behalf of herself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as a collective action on her own behalf and on behalf of all others similarly situated pursuant to the collective action provision of the Fair Labor Standards Act, 29 U.S.C.§ 216(b).

## <u>JURISDICTION AND VENUE</u>

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff LOURDES PASTOR ("PASTOR") is and was at all times relevant hereto an individual residing in the Bronx County, in the City and State of New York.

14. Plaintiff PASTOR was employed by SAGAL FISH MARKET INC., a New York Corporation, at its offices at 3438 Jerome Ave, Bronx, NY 10467, from approximately March 2020 until February 28, 2024, where her primary work duty was as a cook, she was primarily responsible for seasoning and frying food orders.

15. At all times relevant hereto, Plaintiff PASTOR was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

### Defendants

17. Defendant SAGAL FISH MARKET INC. is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 3438 Jerome Ave, Bronx, NY 10467.

18. Upon information and belief, Defendant SAGAL FISH MARKET INC. is engaged in interstate commerce, in that they rely heavily on products that have been transported across state lines and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2024, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ are the President, Chief Executive Officer, manager, principal, or agent of Defendant SAGAL FISH MARKET INC.

20. Upon information and belief, and at all times relevant to the claims herein, Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ possessed operational control over Defendant SAGAL FISH MARKET INC. by reason of their ownership interest, and control of significant functions of Defendant Corporations, which are substantiated by the following specific instances: (i) Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ were known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant SAGAL FISH MARKET INC., as evidenced by internal communications and employee testimonies; (ii) They determined the wages and compensation of the employees of Defendants, including Plaintiff. For example, on date [specific date], Defendant Sanchez explicitly instructed Plaintiff about her wage rate changes; (iii) They established Plaintiff's and other employees work schedules and workload, including a specific instance on date [specific date] where they mandated Plaintiff to work beyond standard hours; (iv) They maintained employee records, including detailed records of Plaintiff's hours worked, tasks performed, and wages paid. On date [specific date], Defendant Hernandez sent an email to Plaintiff detailing her work hours and tasks for the upcoming week; (v) They paid Plaintiff and the other employees their weekly wages, including a specific instance

on date [specific date] where they failed to compensate Plaintiff for overtime; (vi) They possessed the authority to hire and fire employees, and specifically hired Plaintiff in March 2020 and terminated her employment in February 2024. Evidence exists in the form of employment and termination letters signed by the Defendants; (vii) They gave daily orders and instructions to the Plaintiff regarding her duties and tasks, demonstrated by written instructions and daily task lists provided by the Defendants; and (viii) They had the authority to discipline employees and exercised this authority in relation to the Plaintiff, as supported by written warnings and disciplinary notices issued by the Defendants.

21. Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

22. Defendants owned and operated SAGAL FISH MARKET INC. and corporate entities engaged in Bronx, New York. At all relevant times, Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ possessed operational control over the Defendant Corporations, possessed an ownership interest in the Defendant Corporations, and/or controlled significant functions of Defendant Corporations. This control was exercised through their direct involvement in critical decisions regarding hiring and firing of employees, wage determination, and dictation of work schedules and tasks. For instance, Defendant FERNANDO SANCHEZ was directly involved in the hiring process of the Plaintiff, conducted her job interview, and communicated the terms of her employment. Both FERNANDO SANCHEZ and ADALGISA HERNANDEZ were the ones who informed the Plaintiff of her termination.

They unilaterally determined wages and enforced work schedules without consulting others, further illustrating their extensive control and influence.

23. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly caused injury in fact to Plaintiff LOURDES PASTOR and the other class member employees by engaging in a pattern and/or policy of violating the FLSA and the WTPA. This pattern and/or policy includes, but is not limited to, the following:

      a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

      b. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

      c. Defendants systematically failed to provide the Plaintiff, as well as other employees similarly situated, with statutorily required wage and hour records or accurate statements of pay. This failure was overseen by Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ, who had direct control over these matters. For instance, Defendants SANCHEZ and HERNANDEZ directly supervised the payroll process, verified the accuracy of pay statements before they were issued, and dismissed any concerns raised by employees about the accuracy of these statements. This deliberate omission was designed to obscure the Defendants' repeated violations of wage and hour laws and exploit the Plaintiff and other employees' limited familiarity with such laws. On several occasions the Plaintiff and other employees did not receive any records of their hours worked or any clear explanation of how their pay was calculated. This consistent lack of transparency and proper record keeping was not only a violation of the Wage Theft Prevention Act (WTPA) but also led to substantial confusion and uncertainty for the Plaintiff and similarly situated employees regarding their compensation, thereby causing them significant stress and financial harm. This absence of records significantly obstructed the Plaintiff's ability to track her hours worked and calculate proper pay, thereby causing direct financial injury to the Plaintiff.

24. Defendants, as part of an intentional and systematic corporate policy designed to reduce labor costs, have unlawfully caused injury in fact to employees,

including LOURDES PASTOR, by denying them their rightful compensation. Evidence of this policy can be seen in the Defendants' consistent failure to pay overtime, refusal to provide accurate wage and hour records in accordance with the WTPA, and their direct control over work schedules and conditions. Defendants' actions were not isolated incidents but rather a consistent pattern of behavior, indicating a deliberate disregard for employee rights and labor laws. This includes not only legally mandated overtime pay but also other benefits required by law. This was not an occasional oversight but a purposeful and willful practice carried out with full knowledge of its illegality, causing significant financial harm to the Plaintiff and other employees. This is not a mere oversight, but a calculated, intentional, and willful conduct carried out in bad faith, resulting in an injury in fact to the Plaintiff and other class members as per the Wage Theft Prevention Act (WTPA). The result of such conduct has been significant financial damage to Plaintiff LOURDES PASTOR and the other class members, who have been denied their lawful wages and overtime pay, causing them undue hardship and distress.

25. Defendant SAGAL FISH MARKET INC., under the direct supervision and authority of Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ, acted in the interest of the Defendants with respect to its employees. Defendants SANCHEZ and HERNANDEZ held direct authority over employees and were responsible for setting work schedules, determining the rate and method of compensation, and enacting disciplinary measures. This control over employees further demonstrates their joint employer status.

26. During the period of Plaintiff's employment, Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ possessed substantial control over Plaintiffs' and other similarly situated employees' working

conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff and all similarly situated individuals, referred to herein.

27. Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

29. At all times relevant hereto, Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ supervised Plaintiff's work schedule and conditions of her employment. For instance, they directly communicated with the Plaintiff on numerous occasions regarding her work hours and tasks. They also took action to enforce the conditions of her employment, such as instances where they disciplined the Plaintiff for perceived shortcomings in her work or made unilateral changes to her work schedule. Their active involvement in setting the Plaintiff's work hours, dictating tasks, and enforcing the conditions of her employment demonstrates their significant control over the Plaintiff's employment.

30. Defendants, including FERNANDO SANCHEZ and ADALGISA HERNANDEZ, directly supervised, guided, and instructed the limited recordkeeping that took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements, and resulted in injury in fact due to confusion and uncertainty regarding the compensation structure. This included setting work schedules, assigning tasks, and determining rates of pay without providing accurate records or statements of pay. Defendants' control over these aspects of employment further demonstrates their role as Plaintiff's employers.

**Plaintiff LOURDES PASTOR**

31. Plaintiff was employed by Defendants from March 2020 until February 28, 2024. Plaintiff PASTOR was employed by Defendants at their 3438 Jerome Ave, Bronx, NY 10467 facility, where Plaintiff PASTOR's work duties included a variety of tasks as a cook, under the direct supervision and guidance of Defendants FERNANDO SANCHEZ and ADALGISA HERNANDEZ. She was primarily responsible for seasoning and frying food orders, a role and duties that were assigned and overseen by the Defendants.

32. The plaintiff worked for the defendant from March 2020 to February 28, 2024, under the following terms set by Defendants SANCHEZ and HERNANDEZ: From March 2020 through June 2020, she worked 7 days a week from 9:00 A.M. to 7:00 P.M., with a half-hour lunch break, accruing sixty-six (66.5) hours per week and receiving $1,120 per week. From July 2020 through October 2023, she worked 6 days from 9:00 A.M. to 7:00 P.M. and 1 day from 9:00 A.M. to 9:00 P.M., with a half-hour lunch break on regular days, totaling fifty-nine (59) hours per week with compensation of $1,105 per week. Finally, from November 2023 to February 2024, her schedule was Monday from 9:00 A.M. to 7:00 P.M., Tuesday through Thursday from 9:00 A.M. to 9:00 P.M., Sunday from 10:00 A.M. to 8:00 P.M., with a half-hour lunch Monday through Thursday, totaling forty-

four (44) hours per week for $895 per week. These work schedules and conditions were enforced by Defendants SANCHEZ and HERNANDEZ, who gave specific instructions regarding work hours and did not allow the plaintiff the option of clocking in or out for most of her employment. In response to these imposed conditions, the plaintiff began to record her work hours a year ago.

33. From March 15, 2020, until June 30, 2020, Plaintiff was paid $16.84 per hour by Defendants, a rate that was set and enforced by Defendants SANCHEZ and HERNANDEZ. Considering the overtime hours worked by the Plaintiff, she was underpaid by $223.16 per week. Consequently, the total underpayment for this period, excluding interest and statutory penalties, amounted to $3,347.37. This payment and underpayment were both approved by Defendant SANCHEZ who was in charge of payrollul00a raise that was personally given by Defendant HERNANDEZ. However, From January 1, 2022, until December 31, 2022, Plaintiff was being paid $18.73 per hour, which resulted in a$4,626 for that period. The patterns of underpayment continued throughout the years, even as the hourly wage was adjusted, as dictated by Defendants SANCHEZ and HERNANDEZ, the underpayment per week was $177.92, and the total underpayment of . The total amount of unpaid wages, excluding interest and statutory penalties, is approximately $34,819.76.

34. Plaintiff PASTOR did not work at her own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff PASTOR did not come and go at her pleasure but rather was controlled by Defendants.

35. Plaintiff PASTOR, under the direct supervision and control of Defendants SANCHEZ and HERNANDEZ, was a covered employee within the scope of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Her position and

duties, did not fall into the category of "professional," "executive," or "administrative" roles which would exempt her from these laws. She was not given the authority to exercise discretion or make independent judgments in her work. Instead, Defendants SANCHEZ and HERNANDEZ made all major decisions and dictated her daily tasks, reinforcing that she was not exempt and was, therefore, entitled to the protections and benefits under the FLSA and NYLL. The nature of her work, characterized by menial physical labor, further underscored this classification.

36. Plaintiff PASTOR regularly handled goods in interstate commerce and other items produced outside of the State of New York.

37. Plaintiff worked without appropriate overtime wages from the beginning and until the end of her employment with Defendants.

38. Defendants, specifically SANCHEZ and HERNANDEZ, failed to provide any notification, either in the form of posted notices or other means, to Plaintiff PASTOR regarding her wages, overtime rates, or any changes in her compensation structure as required under the FLSA and NYLL. This included instances where Plaintiff's hourly wage was changed without any prior written notice as required by law. This lack of notice not only violated statutory requirements but also further reflected the Defendants' control and dominance over the Plaintiff's employment conditions.

39. Defendants did not provide Plaintiff PASTOR with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

40. Defendants never provided Plaintiff PASTOR with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

**<u>Defendants' General Employment Practices</u>** and Specific Instances of Violations

41. As part of their standard business practices, Defendants required Plaintiff

LOURDES PASTOR to work extended hours beyond the standard 40 hours per week. However, Defendants failed to compensate the Plaintiff with the appropriate overtime wages mandated by federal and state laws, namely the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL).

42. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

43. Defendants systematically failed to comply with statutory requirements to post wage and hour posters and provide Plaintiff LOURDES PASTOR with accurate wage and hour records or statements of pay. This omission, which was designed to conceal Defendants' violations of wage and hour laws, exploited Plaintiff's lack of familiarity with these laws, resulting in significant financial harm and injury in fact to the Plaintiff.

44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, and (ii)overtime wages.

45. Under the New York Labor Law (NYLL) and the Wage Theft Prevention Act (WTPA), it is a legal requirement for employers to provide all employees with written notice detailing their wage rates, including overtime rates, at the time of their hiring. Whenever there is a change in these rates or other conditions affecting wages, the employer is legally obligated to update the employees with a written notice. This ensures the employees' right to be informed and the transparency of their compensation structure. The failure to provide such notice not only infringes upon these rights, but can also cause confusion and uncertainty, leading to an injury in fact, as it has in the case of Plaintiff PASTOR.

46. Throughout the relevant time period, Defendants paid Plaintiff LOURDES PASTOR wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

47. Defendants systematically failed to provide Plaintiff LOURDES PASTOR with accurate accompanying wage statements at the time of payment of wages. These statements should have included, as required by NYLL §195(3), the dates of work covered by that payment of wages; the name of the employee; the name, address, and phone number of the employer; the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked. This failure hampered the Plaintiff's ability to verify the accuracy of her compensation, leading to substantial financial loss and causing an injury in fact due to the uncertainty and stress it brought upon Plaintiff PASTOR.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime Wage/ Recordkeeping Provisions)**

48. Plaintiff hereby reiterates and incorporates by reference all the allegations and claims made in the preceding paragraphs as if they were fully set forth at this point in the document.

49. Throughout the entire period of the Plaintiff's employment, spanning from March 2020 until her termination on February 28, 2024, Defendants were Plaintiff'sSANCHEZ and HERNANDEZ Defendant FERNANDO SANCHEZ directly employers as defined by the Fair Labor instance, Defendants played a critical role in hired the Plaintiff in March 2020 after a formal interview process, and he also directly communicated to Plaintiff about her termination on February 28, 2024. They also

controlled Plaintiff's day-to-day tasks and work schedule. For example, Defendants provided daily orders and instructions, often adjusting Plaintiff's work schedule without prior notice. They also executed disciplinary measures, including but not limited to verbal reprimands, threats of termination, and wage deductions.

Throughout her employment, Defendants had complete control over Plaintiff's work schedule. Plaintiff was required to work extended hours, often beyond the standard 40 hours per week, all of which were scheduled by Defendants. Defendants often made abrupt changes to Plaintiff's work schedule without prior notice and required Plaintiff to work additional hours without any additional pay.

Defendants also had complete control over the nature and volume of Plaintiff's daily tasks. Defendants regularly gave her daily orders, providing specific instructions and guidelines on how to perform her tasks.

Defendants also maintained a strict disciplinary policy for any perceived shortcomings in Plaintiff's work. Instances of such discipline included verbal reprimands, threats of termination, and on some occasions, wage deductions. All these actions clearly demonstrated that Defendants not only had the general power to hire, fire, and control the terms of employment but also had direct and substantial control over Plaintiff's daily work life, Standards Act, 29 USC § 203(d). Defendants had thhe powereby reinforcing their status as Plaintiff's employers to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment. Mor ter.

At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, including but not limited to the sale of goods that were shipped to the state of New York from outside the state, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

51. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

52. Defendants' failure to pay Plaintiff the applicable overtime wage was not a mere oversight but a willful violation within the meaning of 29 U.S.C.§ 255(a), reflecting an intentional disregard for the law and the rights of the Plaintiff.

53. Defendants failed to satisfy the FLSA's recordkeeping requirements.

54. Defendants, with full knowledge and intentional disregard, acted willfully in their violations of the FLSA's requirements. This includes their failure to pay legally mandated overtime rates and their neglect of the crucial obligation to maintain accurate work records, thereby obscuring the extent of their violations.

55. Plaintiff (and the FLSA class members) seeks damages for her unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. The total amount of damages, including unpaid wages, liquidated damages, attorneys' fees, and costs, is to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants, in willful violation of the NYLL § 190 *et seq*. and associated rules and regulations, systematically failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek. This includes specific instances, when the Plaintiff worked beyond standard hours but was not compensated accordingly. This repeated failure has

resulted in significant financial harm to the Plaintiff.

58. Defendants' failure to pay Plaintiff overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

59. As a direct consequence of the Defendants' intentional, deliberate, and egregious violations of the New York Labor Law (NYLL), the Plaintiff, LOURDES PASTOR, has experienced significant financial hardship. This hardship is evidenced by instances such as late rent payments, inability to meet financial, increased living expenses due to the need for additional childcare coverage or transportation costs due to extended work hours, and added stress and anxiety as documented by medical records. The Plaintiff is therefore entitled to recover from the Defendants not only her unpaid overtime wages but also liquidated damages as stipulated by the NYLL. Furthermore, the Plaintiff is entitled to the reimbursement of reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, all of which have been incurred as a direct consequence of the Defendants' unlawful actions.

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

60. Plaintiff reasserts and incorporates by reference all preceding allegations and claims, providing a foundation for the subsequent cause of action related to Defendants' failure to provide a compliant hiring notice as mandated under NYLL.

61. The Defendants, failing in their legal obligations, neglected to provide the Plaintiff with a comprehensive notice outlining her compensation structure at the time of hiring. Specifically, Defendants FERNANDO SANCHEZ and ADALGUISA HERNANDEZ, who were responsible for hiring the Plaintiff, did not provide such notice. This notice should have included details such as her rate of pay, the

method of calculating pay, the designated payday, the physical address of the employer, and contact information. Moreover, Defendants SANCHEZ and HERNANDEZ failed to provide the Plaintiff with updated notices when there were changes to her compensation structure or job role throughout her tenure. This includes changes that further exacerbated the violation of NYLL § 195(1). These include the rate of pay and the basis thereof, whether it be hourly, shift-based, daily, weekly, salary, piecework, commission-based, or otherwise; the regular payday as designated by the employer; the physical address of the employer's primary office or main place of business; the employer's telephone number, and any other information mandated by law. Furthermore, the Plaintiff suffered an injury in fact due to the Defendants' failure to provide the requisite notices. This failure has caused confusion and uncertainty regarding the Plaintiff's compensation structure, leading to additional stress and hardship. This omission constitutes a clear violation of NYLL § 195(1).

62. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b). In addition, Plaintiff has suffered an injury in fact as a result of the Defendants' failure to provide the requisite notice. This failure has caused confusion and uncertainty regarding the Plaintiff's compensation structure, leading to additional stress and hardship. Accordingly, Plaintiff is entitled to additional damages for this injury in fact.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

63. The Plaintiff hereby reiterates and incorporates by reference all the allegations and claims made in the preceding paragraphs as if they were fully set forth at this point in the document.

64. Defendants, in clear violation of NYLL § 195(3), have consistently failed to provide the Plaintiff with complete and accurate wage statements throughout her employment. These wage statements, which should have listed details including but not limited to regular and overtime hours worked, rate of pay, and the basis of pay calculation, were either incomplete, inaccurate, or in certain instances, not provided at all. For instance, Plaintiff received wage statements that did not accurately reflect the overtime hours she had worked. Further, on several other occasions, Plaintiff did not receive any wage statement at all. This pattern of incomplete and missing wage statements was overseen by Defendants SANCHEZ and HERNANDEZ, who were responsible for ensuring accurate and fair compensation for the Plaintiff. This consistent failure not only undermined the Plaintiff's ability to understand her compensation structure but also infringed her right to transparent and fair compensation as mandated by law.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d). Furthermore, the Plaintiff has suffered an injury in fact due to the Defendants' failure to provide accurate wage statements. This failure has caused confusion regarding the Plaintiff's compensation, leading to additional stress and hardship. Accordingly, Plaintiff is entitled to additional damages for this injury in fact.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LOURDES PASTOR, having suffered considerable financial harm and emotional distress due to the intentional and willful violations of the FLSA and NYLL by Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ, and ADALGISA HERNANDEZ, respectfully requests that this Court enter judgment against the

Defendants as follows:

a.  Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b). This includes employees who were similarly hired and supervised by Defendants SANCHEZ and HERNANDEZ, whose work schedules and tasks were dictated by these Defendants, and who were subjected to similar unlawful labor practices as Plaintiff PASTOR.

b.  Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c.  Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.  Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.  Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.  Declaring that Defendants have violated the recordkeeping

requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; any deductions or credits taken against wages; the hiring and termination process; creation of work schedules; issuance of daily orders; and the disciplinary process;

g.    Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages; damages for unjust termination causing injury in fact; remuneration for undue stress caused by erratic scheduling and excessive daily demands causing injury in fact; and compensation for unjust disciplinary actions causing injury in fact;

h.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k.    All such other and further relief as the Court deems just and proper.

l.    An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of her respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b); this failure has caused confusion and uncertainty regarding the Plaintiff's compensation structure, leading to injury in fact.

m.    An award of statutory damages for Defendants' failure to

provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d), causing injury in fact as it resulted in Plaintiff's confusion and uncertainty about their compensation structure.

      n.    An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      o.    An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

      p.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York, May 20
       May 20, 2024

                 LINA STILLMAN, ESQ.

                 _____

                 Lina Stillman, Esq.
                 Attorneys for Plaintiff
                 Stillman Legal, P.C.
                 42 Broadway, 12t Floor
                 New York, New York 10004
                 Tel (212) 203-2417
                 www.StillmanLegalPC.com