## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 19th day of February 2025 by and between the Defendants SAGAL FISH MARKET INC., FERNANDO SANCHEZ and ADALGUISA HERNANDEZ, (collectively referred to as the "DEFENDANTS"), and Plaintiff Lourdes Pastor ("PLAINTIFF" or "RELEASOR") (hereinafter the "Parties").

## RECITALS

1. WHEREAS, PLAINTIFF brought an action before the United States District Court for the Eastern District of New York against SAGAL FISH MARKET INC., FERNANDO SANCHEZ and ADALGUISA HERNANDEZ (the "Lawsuit");

2. WHEREAS, in this Lawsuit, PLAINTIFF alleged that DEFENDANTS violated the Fair Labor Standards Act and New York Labor Law by, among other things: (i) failing to pay minimum wage; (ii) failing to pay overtime compensation; (iii) failing to provide wage notices; (iv) failing to provide accurate wage statements; and (v) failing to provide timely wages; and

3. WHEREAS, no Court has considered or determined the claims presented; and

4. WHEREAS, DEFENDANTS expressly deny PLAINTIFF'S allegations in their entirety and denies any wrongdoing or liability with respect to such allegations; and

5. WHEREAS, PLAINTIFF and the DEFENDANTS wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing, and the mutual covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, PLAINTIFF and DEFENDANTS agree as follows:

## AGREEMENT

1. **Consideration.** The Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. PLAINTIFF agrees that she will not seek any further consideration from DEFENDANTS, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. **Settlement Compensation**. In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the DEFENDANTS agree to issue the following payments, totaling TWENTY-THREE THOUSAND DOLLARS (USD 23,000).
Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against DEFENDANTS by PLAINTIFF, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFF expressly directs DEFENDANTS to make the Settlement Payments, as detailed above, to her legal counsel, acknowledges that

receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by PLAINTIFF, and agrees that the Settlement Payments constitute an accord and satisfaction.

3. **Delivery. All checks shall be sent to:**

>STILLMAN LEGAL PC
>42 Broadway, 12th Floor.
>Suite 12-127
>New York, New York 10004

4. **Timing**. DEFENDANT shall pay the PLAINTIFF and Stillman Legal PC the total sum of TWENTY-THREE THOUSAND DOLLARS (USD 23,000). Payment and release of all settlement monies is contingent upon:

    (a) the PLAINTIFF returning a signed copy of this Agreement to Defendant's legal counsel;

    (b) the PLAINTIFF returning a signed IRS Form W-2;

    (c) the PLAINTIFFS returning a signed IRS Form W-9;

    (d) the PLAINTIFFS' counsel returning a signed IRS Form W-9;

    (e) receipt of a Court Order approving this Agreement as fair and reasonable; and

    (f) the Court "So-Ordering" a Stipulation of Dismissal in the same form as annexed hereto as Exhibit "A".

    Payment shall be made as follows:

    a) <u>Payment 1</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-FIVE CENTS (USD 3,833.35) shall be paid within thirty (30) days of the last Contingency set forth in Section 4, supra, being completed as follows:

        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.20 payable to LOURDES PASTOR.

    b) <u>Payment 2</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS (USD 3,833.33) shall be paid within sixty (60) days of Payment 1, specified directly above, being completed as follows:
        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.18 payable to LOURDES PASTOR.

    c) <u>Payment 3</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS (USD 3,833.33) shall be paid within ninety (90) days of Payment 1, specified directly above, being completed as follows:
        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.18 payable to LOURDES PASTOR.

    d) <u>Payment 4</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS (USD 3,833.33) shall be paid within one hundred twenty (120) days of Payment 1, specified directly above, being completed as follows:
        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.18 payable to LOURDES PASTOR.

    e) <u>Payment 5</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS (USD 3,833.33) shall be paid within one hundred fifty (150) days of Payment 1, specified directly above, being completed as follows:
        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.18 payable to LOURDES PASTOR.

    f) <u>Payment 6</u>: The amount of THREE THOUSAND EIGHT HUNDRED THIRTY-THREE DOLLARS AND THIRTY-THREE CENTS (USD 3,833.33) shall be paid within one hundred eighty (180) days of Payment 1, specified directly above, being completed as follows:
        i. One check in the amount of $1,401.15 payable to STILLMAN LEGAL PC;
        ii. One check in the amount of $2,432.18 payable to LOURDES PASTOR.

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFF.

6. **Confession of Judgment:** Defendant agrees to execute the Affidavit of Confession of Judgment attached hereto as **Exhibit B** along with this Settlement Agreement for the Settlement Payment. Should Defendants default on any payment, Plaintiff's counsel shall provide notice with opportunity to cure to Defendants' Counsel by email and overnight mail. Should Defendants not cure the default within ten (10) calendar days, Plaintiff's counsel may enter the confession of judgment for the full outstanding amount of the Settlement Payment, less any amounts paid thereupon.

7. **Taxes**. The PLAINTIFF agrees to pay all federal, state and/or local taxes, if any, which are required by law to be paid by her with respect to this settlement in a timely fashion. The PLAINTIFF further agrees that in the event the PLAINTIFF fails to meet his tax obligations with respect to the amounts received pursuant to this Agreement, and as a direct result DEFENDANTS becomes liable for payment of any taxes, or fines related to unpaid taxes, by

any government entity, PLAINTIFF will indemnify DEFENDANTS for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANT.

8. **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing and the payment schedule outlined herein, LOURDES PASTOR, on her behalf and on behalf of her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** DEFENDANTS and each and every one of its divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of RELEASOR'S employment with Defendants, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the Releasees, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of RELEASOR'S employment with Releasees to the date of the RELEASOR'S execution of this Agreement ("Wage Claims").

9. **Dismissal.** PLAINTIFF agrees to the dismissal of the Lawsuit with prejudice. Upon full execution of this Agreement, or within (5) five business days thereof, the parties agree that the LOURDES PASTOR's legal counsel will cause to be filed with the Court a Stipulation of Discontinuance with Prejudice in the same form as annexed hereto as Exhibit "A".

10. **Advice of Counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that she has consulted her attorney(s) about this Agreement before signing it.

11. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

12. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to the Federal District Court for the Eastern

District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

13. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

14. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

15. **Entire Agreement.** This Agreement, including any and all Exhibits attached hereto and incorporated by reference herein, constitutes the complete and exclusive statement of agreement between the parties with respect to the subject matter hereof, and supersedes all prior written and oral contracts, proposals, agreements, representations, statements, negotiations, and undertakings between the parties with respect to the subject matter hereof.

16. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

17. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

18. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

19. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Lourdes Pastor and SAGAL FISH MARKET INC.,FERNANDO SANCHEZ and ADALGUISA HERNANDEZ have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

20. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both "overnight" mailing service addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANT'S legal counsel. Notice shall be deemed communicated from the later of (i) the date of actual receipt of the overnight delivery or (ii) confirmation of receipt of the email communication. The addresses for notice are as follows, unless otherwise specified:

| PARTY INFORMATION: | ADDRESS | COPY TO: |
|---|---|---|
| Defendants | | Levin-Epstein & Associates, P.C. Attn: Jason Mizrahi, Esq. 60 East 42nd Street, Suite 4700 New York, NY 10165 Email: Jason@levinepstein.com |
| Plaintiff | Lina Stillman, Esq. STILLMAN LEGAL PC 42 Broadway, 12th Floor New York, NY 10004 ls@stillmanlegalpc.com | Abigail Ruiz AR@StillmanLegalPC.com |

**THE PARTIES, INCLUDING LOURDES PASTOR ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY, ACKNOWLEDGING THEIR COMPLETE UNDERSTANDING OF THE TERMS.**

**THE PARTIES ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO SPANISH, OR SUCH OTHER LANGUAGE AS REQUESTED BY AND UNDERSTOOD BY THE PARTIES, THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISIONS OF THIS AGREEMENT, AND THAT THEY HAVE CONSULTED WITH THEIR LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

**[Remainder of Page Intentionally Omitted]**

**[Signature Page to Follow]**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

Firmado por:

*[signature: Lourdes Pastor]*
6A939656A5C8490...

Lourdes Pastor

Dated: 2/27/2025 _____

Dated: _____

SAGAL FISH MARKET INC.,

_____  Dated: _____

FERNANDO SANCHEZ and

_____  Dated: _____

ADALGUISA HERNANDEZ

7

## SCHEDULE "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOURDES PASTOR,                                                         DOCKET NO. _____

                            PLAINTIFF,

    -AGAINST-                                                               **STIPULATION OF**
                                                                  **DISCONTINUANCE**

**WITH PREJUDICE**
SAGAL FISH MARKET INC.,
FERNANDO SANCHEZ and
ADALGUISA HERNANDEZ

                            Defendants.
-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys of record for all parties to the above-entitled action, that: (i) no party hereto is an infant or incompetent person for whom a committee has been appointed; (ii) no person not a party has an interest in the subject matter of the action; and (iii) the above-entitled action is hereby discontinued with prejudice without costs to any party or against any other. This Stipulation may be filed without further notice with the Clerk of the Court.

This Stipulation shall not be in effect until executed by all parties set forth herein through their authorized signatures, which may be delivered in counterparts and by electronic means as provided in this Agreement.

Dated February, 2025

By: _____          By: _____

8