UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES PASTOR,

                Plaintiff,

– against –

SAGAL FISH MARKET INC., FERNANDO SANCHEZ, *and* ADALGISA HERNANDEZ,

                Defendants.

**OPINION & ORDER**

24-cv-03899 (ER)

Ramos, D.J.:

      Lourdes Pastor brought this action against Sagal Fish Market Inc., Fernando Sanchez, and Adalgisa Hernandez ("Defendants") on May 20, 2024. Doc. 1. Pastor claimed that Defendants failed to pay her the lawful minimum wage and overtime compensation, and failed to provide proper wage and notice statements, in violation of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law ("NYLL"). *Id.* ¶¶ 48–64. Before the Court is the parties' motion for approval of their settlement agreement. Doc. 27. For the following reasons, the motion for settlement approval is GRANTED.

I. **LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in

establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides a total recovery of $23,000.00. Docs. 27 at 3, 27-1 § 2. Pursuant to the agreement, Pastor's counsel will receive approximately one third of the total settlement amount, specifically, $8,406.90 in attorneys' fees and costs. Doc. 27 at 3. Pastor will receive $14,593.10. *Id.*

Pastor estimates that her maximum recovery would be approximately $42,000.00 for unpaid wages, including liquidated damages, statutory penalties, interest, and attorneys' fees. *Id.*

The Court finds that the proposed settlement amount is fair and reasonable. *See Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Pastor receiving a settlement without experiencing the risks and delays inherent in litigation. In addition, Defendants contest the number of hours Pastor worked and the wages she received. Doc. 27 at 3. Specifically, they claim that Pastor "routinely took days off or arrived to work

later than what is alleged the Complaint," that "if [Pastor] is owed anything, she is owed half-time for hours worked over forty," and that Pastor "frequently took extended periods of time off." *Id.* On the other hand, Defendants "failed to maintain complete and accurate time and pay records." *Id.* Defendants additionally maintain that they cannot afford to pay a large settlement or judgment. *Id.* Both parties believe the settlement is reasonable in light of these uncertainties and the anticipated burdens, risks, and expenses of litigation. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Pastor. *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (citation omitted) (concluding that settlement amount was a "reasonable compromise of disputed issues"). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced wage and hour attorneys. Doc. 27 at 4, 6.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court concludes that the proposed attorneys' fees and costs are reasonable. Pastor's counsel will receive $8,406.90 in attorneys' fees and costs, which is approximately one third of the settlement. *Id.* at 4. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL

95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Pastor's counsel has submitted billing records for one attorney in this case: Lina Stillman, attorney and founder,[1] of Stillman Legal P.C., who billed at a rate of $400 per hour. Doc. 27 at 5, 6.

The Court finds that the hourly rate of $400 is reasonable. *See Redzepagic v. Hammer*, 14-cv-9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving named partner's billing rate of $500.00 per hour); *see also Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners). Stillman's hourly rate is commensurate with other similarly-experienced partners in the field.

Stillman spent approximately 21.02 hours[2] on this case at a $400 hourly rate, which results in a lodestar of $8,408.00. Doc. 27 at 5; *see also* Doc. 27-3. The lodestar of $8,408.00, compared to the requested $8,406.90[3] of the settlement, results in a lodestar multiplier of approximately 1. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with

---

[1] *See* Stillman Legal, P.C. webpage, available at https://stillmanlegalpc.com/ (last visited April 2, 2025).

[2] The records submitted by Pastor's counsel reflect 22.99 hours spent on this case. *See* Doc. 27-3. However, the Court applies the claimed amount, 21.02 hours, in calculating the lodestar.

[3] The record does not reflect which portion of the $8,406.90 claimed for attorneys' fees and costs is attributable just to fees, and therefore the lodestar of $8,408.00 is being compared to the full $8,406.90, likely resulting in an inflated multiplier. However, given that the multiplier of 1 is appropriate, any smaller multiplier would necessarily pass muster; therefore, accounting for costs would not alter the Court's conclusion that a claim of $8,406.90 for both fees and costs is appropriate.

4

contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Limited*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1 and determines that the $8,406.90 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 27-1; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Pastor's obligations under the agreement, the release appropriately discharges only claims pursuant to pursuant to the FLSA, NYLL, and Pastor's wage-and-hour allegations arising out of her employment with Defendants. Doc. 27-1 § 8; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality or non-disparagement provisions. *See generally* Doc. 27-1.

## III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 27, and close the case.

It is SO ORDERED.

Dated:  April 7, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.